1  BRODSKY MICKLOW BULL & WEISS LLP
   Kurt Micklow, State Bar No. 113974
2  Edward M. Bull III, State Bar No. 141966
   384 Embarcadero West, Suite 200
3  Oakland, California, 94607-3704
   Telephone:   (510) 268-6180
4  Facsimile:   (510) 268-6181

5  Attorneys for Plaintiff
   REGINALD ATTEBURY
6

7                 UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10 REGINALD ATTEBURY,              )   CASE NO.
                                   )
11                    Plaintiff,   )   **SEAMAN'S COMPLAINT**
                                   )   **FOR PERSONAL INJURY -**
12 vs.                             )   **NEGLIGENCE UNDER THE**
                                   )   **JONES ACT; BREACH OF**
13                                 )   **THE WARRANTY OF**
   TRIPLE STAR LLC, and DOES 1-5, *in* )   **SEAWORTHINESS; AND**
14 *personam,* and F/V TRIPLE STAR, her )   **MAINTENANCE AND CURE**
   engines, tackle, apparel, furniture, and )
15 appurtenances, *in rem*;        )   **DEMAND FOR JURY TRIAL**
                                   )
16                    Defendants.  )   **[Pursuant to 28 U.S.C. §1916**
                                   )   **Plaintiff is Entitled to File this**
17                                 )   **Complaint Without Prepayment**
                                   )   **of Court Filing Fee]**
18                                 )
   _____ )
19

20                            **I.**

21                   **GENERAL ALLEGATIONS**

22       1.    Plaintiff REGINALD ATTEBURY ("Plaintiff") brings and maintains

23 this action based upon the General Maritime Law pursuant to the United States

24 Constitution Article III, Section 2, the Jones Act, 46 U.S.C. §30104, and 28 U.S.C.

25 §1333.

26       2.    Plaintiff was at all times herein a seaman within the meaning of the

27 Jones Act and the General Maritime Law.  As such, Plaintiff is entitled under the

28 provisions of 28 U.S.C. §1916 to bring this Complaint without prepayment of

1   court's filing fee or the posting of a bond.

2       3.    Plaintiff is an American citizen and a resident of Eureka, California,

3   within the Northern District of California.

4       4.    At all times herein mentioned, F/V TRIPLE STAR ("the Vessel") was

5   a United States flagged vessel afloat upon navigable waters of the United States

6   and/or the high seas.  F/V TRIPLE STAR is a commercial fishing vessel with a

7   United States Coast Guard Documentation number of 611559.  Her hailing port is

8   Eureka, California.  Plaintiff is informed and believes that F/V TRIPLE STAR is

9   or will be within the Northern District of California at some time during the

10   pendency of this action.

11       5.    Plaintiff is informed and believes and thereon alleges that at all times

12   relevant, Defendants TRIPLE STAR LLC and DOES 1-5 are business entities of

13   unknown form existing under the laws of a state other than California.  Plaintiff is

14   informed and believes and thereon alleges that Defendants TRIPLE STAR LLC

15   and DOES 1-5 do business within the State of California and are subject to

16   personal jurisdiction in this district.

17       6.    At all times relevant, Plaintiff is informed and believes that

18   Defendants TRIPLE STAR LLC and DOES 1-5 were the legal owner and operator

19   of F/V TRIPLE STAR and that said Vessel was managed, crewed, maintained,

20   controlled, outfitted and navigated by Defendants TRIPLE STAR LLC and DOES

21   1-5.

22       7.    At all times relevant, Plaintiff was employed by Defendants to work

23   as a deckhand on the Vessel and had the legal status of a "seaman" within the

24   meaning of the Jones Act (46 U.S.C. §30104) and under the General Maritime

25   Law.

26       8.    Plaintiff is ignorant of the true names and capacities of the Defendants

27   sued herein as DOES 1 through 5, and therefore, Plaintiff sues these Defendants by

28   such fictitious names.  Plaintiff will amend the Complaint to allege their true

1   names and capacities when ascertained.  In the meantime, Plaintiff is informed and

2   believes that each of the fictitiously named Defendants is affiliated in one way or

3   another with Defendant TRIPLE STAR LLC and are responsible in some manner

4   for the occurrences herein alleged.

5       9.     Plaintiff is informed and believes that all of the Defendants, including

6   those sued as DOES 1 through 5, were and are the agents, alter egos, partners, joint

7   venturers, co-conspirators, principals, shareholders, servants, employers,

8   employees of their co-Defendants, and in doing the things hereinafter mentioned,

9   were acting within the course and scope of their authority as such agents, alter

10  egos, partners, joint venturers, co-conspirators, principals, shareholders, servants,

11  employers, and employees with the permission, ratification or consent of their

12  co-Defendants and thus are legally liable for all of the damages resulting from the

13  acts or omissions of the others.

14      10.    On or about April 21, 2012, while working in the course and scope of

15  his duties as a deckhand on the Vessel and following the orders and directions of

16  the Captain, Plaintiff suffered a severe personal injuries that have disabled him

17  working as a fisherman or in any other job.

18                              **II.**

19                 **FIRST CLAIM FOR RELIEF**

20  **(For Jones Act Negligence Against Defendants TRIPLE STAR LLC and**

21                      **DOES 1-5, inclusive)**

22      11.    Plaintiff refers to and by that reference incorporates as though fully

23  set forth herein each and every allegation contained in paragraphs 1 through 10,

24  above.

25      12.    Defendants TRIPLE STAR LLC and DOES 1-5, inclusive,  owed

26  Plaintiff a duty to use reasonable care in all aspects of the employment relationship

27  between them and, among other things, to provide Plaintiff with a reasonably safe

28  place to work.

13.     Defendants TRIPLE STAR LLC and DOES 1-5, inclusive, breached this duty of care in a number of ways, including, but not limited to, the following:

(a)     failing to properly instruct and train the Captain on identifying, handling and responding to crew member work injuries on board the Vessel:

(b)     permitting Plaintiff to work aboard TRIPLE STAR on April 21, 2012, even though the Defendants knew that Plaintiff had a badly swollen left knee due to an aggravation of a prior knee injury;

(c)     promising to accommodate Plaintiff's injured knee aboard the Vessel and then not doing so;

(d)     failing to keep the Vessel from rolling excessively while Plaintiff was vulnerable to injury in the confined spaces of the fish hold preparing the ice with a leg he could not bend;

(e)     failing to send the other healthy deckhand into the fish hold to prepare the ice in stead of Plaintiff, knowing that Plaintiff had an injured left knee;

(f)     failing to perform any job hazard analyses concerning the task of preparing the ice in the fish hold for the first catch of the voyage;

(g)     requiring Plaintiff to work preparing ice in the confined spaces of the fish hold with his injured left knee (that he was unable to bend at the time) which exposed Plaintiff to substantial risk of personal injury;

(h)     failing to exercise ordinary care under the circumstances to have the vessel's training, equipment, work methods and work environments in such a condition that Plaintiff would be able to perform his required duties with reasonable safety; and

(i)     failing to provide Plaintiff with a safe place to work.

14.     As a result of the aforesaid negligent acts and omissions, among others, Defendants TRIPLE STAR LLC and DOES 1-5, inclusive, breached the duty of care they owed to Plaintiff.

15.     As a legal result of such negligence on the part of Defendants TRIPLE

1 STAR LLC and DOES 1-5, inclusive, Plaintiff has sustained physical and

2 emotional injuries.

3       16.    As a further legal result of the negligence of Defendants TRIPLE

4 STAR LLC and DOES 1-5, inclusive, Plaintiff has sustained and will continue to

5 sustain economic damages, including without limitation, past and future medical

6 expenses and past and future loss of earnings and benefits, all of which will be

7 established at trial according to proof.

8       17.    As a further legal result of the negligence of Defendants TRIPLE

9 STAR LLC and DOES 1-5, inclusive, Plaintiff has incurred and will in the future

10 incur non-economic damages, including physical and emotional pain and suffering,

11 all of which will be established at trial according to proof.

12 **III.**

13 **SECOND CLAIM FOR RELIEF**

14 **(For Breach of the Warranty of Seaworthiness *In Personam* Against**

15 **Defendants TRIPLE STAR LLC and DOES 1-5, inclusive, and *In Rem***

16 **Against F/V TRIPLE STAR)**

17       18.    Plaintiff refers to and by that reference incorporates as though fully

18 set forth herein each and every allegation contained in paragraphs 1 through 17,

19 above.

20       19.    At all times herein relevant, Plaintiff was acting in the service of M/V

21 TRIPLE STAR performing duties of the type traditionally performed by a seaman

22 and whose presence was necessary for the operation of the Vessel.

23       20.    By the provisions of the General Maritime Law of the United States,

24 Defendants TRIPLE STAR LLC and DOES 1-5, inclusive, by and through their

25 agents, employees and servants, warranted to Plaintiff that TRIPLE STAR, and her

26 decks, gear, passageways, equipment, appurtenances, tools, crew members,

27 training, work methods and work environments were seaworthy and in compliance

28 with applicable laws, statutes, standards and regulations enacted for the safety of

1    the crew.

2        21.    As alleged herein, TRIPLE STAR, her decks, lines, gear,

3    passageways, equipment, appurtenances, tools, crew members, training, work

4    methods and work environments were not seaworthy and were not in compliance

5    with applicable laws, statutes, standards and regulations enacted for the safety of

6    the crew.  Defendants TRIPLE STAR LLC and DOES 1-5, inclusive, violated and

7    breached the warranty of seaworthiness owed Plaintiff in the following respects,

8    among others:

9        (a)    failing to properly instruct and train the Captain on identifying,

10   handling and responding to crew member work injuries on board the Vessel:

11       (b)    permitting Plaintiff to work aboard TRIPLE STAR on April 21, 2012,

12   even though the Defendants knew that Plaintiff had a badly swollen left knee due

13   to an aggravation of a prior knee injury;

14       (c)    promising to accommodate Plaintiff's injured knee aboard the Vessel

15   and then not doing so;

16       (d)    failing to keep the Vessel from rolling excessively while Plaintiff was

17   vulnerable to injury in the confined spaces of the fish hold preparing the ice with a

18   leg he could not bend;

19       (e)    failing to send the other healthy deckhand into the fish hold to prepare

20   the ice in stead of Plaintiff, knowing that Plaintiff had an injured left knee;

21       (f)    failing to perform any job hazard analyses concerning the task of

22   preparing the ice in the fish hold for the first catch of the voyage;

23       (g)    requiring Plaintiff to work preparing ice in the confined spaces of the

24   fish hold with his injured left knee (that he was unable to bend at the time) which

25   exposed Plaintiff to substantial risk of personal injury;

26       (h)    failing to exercise ordinary care under the circumstances to have the

27   vessel's training, equipment, work methods and work environments in such a

28   condition that Plaintiff would be able to perform his required duties with

1  reasonable safety;

2      (i)      failing to provide Plaintiff with a safe place to work; and

3      (j)      failing to install handholds or other safety devices in the fish holds.

4      22.      As a legal result of these breaches, Plaintiff sustained physical and

5  emotional injuries.

6      23.      As a further legal result of Defendants' breaches, Plaintiff has

7  sustained and will continue to sustain economic damages, including without

8  limitation, past and future medical expenses and past and future loss of earnings

9  and benefits, all of which will be established at trial according to proof.  As a

10 further legal result of Defendants' breaches, Plaintiff has incurred and will in the

11 future incur non-economic damages, including physical and emotional pain and

12 suffering, all of which will be established at trial according to proof.

13     24.      Plaintiff has and is asserting herein a maritime lien and an *in rem*

14 claim against TRIPLE STAR for all of the above described economic and non-

15 economic damages caused by the unseaworthiness of TRIPLE STAR.

16                              **IV.**

17                    **THIRD CLAIM FOR RELIEF**

18 **(For Maintenance and Cure *In Personam* Against Defendants TRIPLE STAR**

19      **LLC and DOES 1-5, inclusive, and *In Rem* Against TRIPLE STAR)**

20     25.      Plaintiff refers to and by that reference incorporates as though fully

21 set forth herein each and every allegation contained in paragraphs 1 through 24,

22 above.

23     26.      According to the General Maritime Law, when a seaman becomes ill

24 or injured while in the service of a vessel, the employer is liable *in personam* and

25 the Vessel itself is liable *in rem* to provide the seaman with all reasonable medical

26 care ("cure") and pay to the seaman a reasonable rate of daily financial

27 maintenance sufficient to cover his room and board ("maintenance") from the date

28 of his illness or injury until he reaches "maximum cure."

27.   Plaintiff aggravated his left knee condition and severely injured his cervical spine, lumbar spine and head while he was aboard and in the service of the Vessel.  As such, Defendants TRIPLE STAR LLC and DOES 1-5, inclusive, *in personam* and the Vessel itself *in rem* are legally required to furnish Plaintiff with all maintenance and cure to which he is entitled under the General Maritime Law for and during his curative treatments relating to these injuries.

28.   Plaintiff is entitled to recover from Defendants any and all past maintenance and cure unpaid and owing at the time of trial.   Defendants also have an obligation to reimburse any and all organizations who have already paid for or provided on a lien basis medical care to Plaintiff relating to these injuries.

29.   Plaintiff also has and is asserting herein a maritime lien and an *in rem* claim against F/V TRIPLE STAR for all unpaid maintenance and cure.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against F/V TRIPLE STAR, her engines, tackle, apparel, appurtenances, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that, if necessary, F/V TRIPLE STAR be arrested and sold to satisfy Plaintiff's judgment;

2.   That process in due form of law according to the practice of this Honorable Court issue against the *in personam* Defendants, citing them to appear and answer all and singular the matters aforesaid;

3.   That Plaintiff have judgment for his past and future economic damages in amounts according to proof at trial;

1     4.    That Plaintiff may have judgment for his past and future non-economic

2 damages in amounts according to proof at trial;

3     5.    That Plaintiff be awarded prejudgment interest on the amounts of the

4 damages awarded;

5     6.    That Plaintiff be awarded any maintenance and cure unpaid and owing

6 at and through the time of trial in amounts necessary to make him whole according

7 to proof;

8     7.    For costs of suit herein; and

9     8.    For such other and further relief as this Honorable Court deems just and

10 proper.

11 DATED: July 2, 2014         Respectfully submitted,

12                             BRODSKY MICKLOW BULL & WEISS LLP

13

14                             By:    /s/ Kurt Micklow
                                    Kurt Micklow

15                             Attorneys for Plaintiff
                            REGINAL ATTEBURY

16                                  **VI.**

17                     **DEMAND FOR JURY TRIAL**

18     Plaintiff hereby demands a trial by jury.

19 DATED: July 2, 2014         Respectfully submitted,

20                             BRODSKY MICKLOW BULL & WEISS LLP

21

22

23                             By:    /s/ Kurt Micklow
                                    Kurt Micklow

24                             Attorneys for Plaintiff
                            REGINAL ATTEBURY

25

26

27

28