IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD ATTEBURY, <br><br> Plaintiff, <br><br> v. <br><br> TRIPLE STAR LLC, et al., <br><br> Defendants. | Case No. 14-CV-03039-SC <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING AND SETTING A HEARING RE: PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL |

## I. INTRODUCTION

This case involves a seaman's personal injury action involving injuries Plaintiff Reginald Attebury ("Plaintiff") allegedly sustained on or about April 21, 2012 on a fishing vessel owned by Defendants Triple Star LLC and Does 1-5 ("Triple Star"). Now before the Court is Plaintiff's counsel's Motion to Withdraw as Counsel. ECF No. 34-1 ("Mot. to Withdraw").

## II. BACKGROUND AND LITIGATION HISTORY

On October 3, 2014, Triple Star served written discovery requests to Plaintiff seeking, among other things, the production of Plaintiff's medical, tax, and Social Security earnings records

and/or signed releases for those records. Triple Star claims that Plaintiff verbally agreed during a February 6, 2015 Case Management Conference to produce the signed releases. ECF No. 32 ("Mot. to Compel") at 2. On February 24, 2015, Triple Star's counsel forwarded a release form to Plaintiff's counsel, and Plaintiff's counsel responded by stating: "I will mail this to Mr. Attebury and request that he sign it. However, the last I heard he was hospitalized, and I have not been able to get in touch with him." Id. at 3. Plaintiff did not return the releases. On May 19, 2015, Triple Star's counsel wrote to Plaintiff's counsel asking to meet and confer regarding the outstanding discovery issues. Plaintiff's counsel wrote back the same day stating: "Please be advised that I am now in the process of preparing a substitution of counsel. Mr. Attebury will be representing himself pro per until he is able to secure other counsel." Id.

On May 28, 2015, Triple Star filed a letter to Magistrate Judge Vadas seeking an order compelling Plaintiff to provide signed medical, tax, and Social Security Administration earnings releases, or, alternatively, an order requiring the Plaintiff to meet and confer.

On June 2, 2015, Judge Vadas issued an order requiring the parties to meet and confer on the outstanding discovery requests on or before June 9, 2015. ECF No. 33 ("MTC Order"). If the parties were unable to reach a resolution during the meet and confer, the MTC Order further required the parties to submit a joint letter brief on or before June 12, 2015. The MTC Order also stated that "the court instructs counsel for Plaintiff that the filing of a motion to withdraw from this action will not relieve him from the

2

1  requirements of this order."  Id.

2      On June 2, 2015, Plaintiff's counsel filed a Motion to
3  Withdraw as Counsel.  The motion states:

> Due to a breakdown of the attorney client relationship between the Plaintiff and attorneys of record, Brodsky Micklow Bull & Weiss LLP, Counsel can no longer fulfill the legal and ethical duties they owe to their client, Mr. Attebury, nor are they able to fulfill their obligations to the Court or to the opposing parties and their attorneys.

Mot. to Withdraw at 1-2.  Plaintiff's counsel did not provide any details, however, as to the nature of the "breakdown of the attorney client relationship."  Id.

    On June 15, 2015, the parties filed a stipulated request to continue the trial and pretrial deadlines.  The Court granted a continuance on June 18, 2015 in order to allow Triple Star sufficient time to obtain the sought-after discovery and avoid prejudice to Plaintiff by allowing him sufficient time to retain new counsel, if necessary, without running afoul with the current deadlines.  Discovery is now due by January 8, 2016, and trial is set for March 28, 2016.

    Pursuant to Judge Vadas' MTC Order, Triple Star filed a letter brief on June 18, 2015.  It was filed unilaterally because "it could not agree to the form of the brief with Plaintiff's counsel." ECF No. 38 ("Triple Star Letter") at 2.  According to the Triple Star Letter, the parties conducted a meet and confer on June 5, 2015 during which Plaintiff's counsel authorized Triple Star's counsel to speak with Plaintiff directly to obtain the requested records or releases.  Triple Star then sent blank releases directly to Plaintiff on June 5, 2015.  On June 9, 2015, Plaintiff called Triple Star's counsel and stated that he would sign the releases

and return them.

### III. LEGAL STANDARD

Civil Local Rule 11-5(a) prohibits counsel from withdrawing from an action until (1) the Court has issued an order permitting the withdrawal, and (2) written notice has been given reasonably in advance to the client and to all other parties. Rule 11-5(b) applies where, as here, withdrawal is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se. That Rule authorizes the Court to permit withdrawal subject to the condition that papers may continue to be served on withdrawing counsel until the client appears by other counsel.

In this District, standards of professional conduct for attorneys are governed by the rules established by the State Bar of California. Civ. L.R. 11-4(a)(1); see also Cal. Native Plant Soc'y v. EPA, C 06-3604 PJH, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008) ("In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.").

California Rule of Professional Conduct 3-700(A)(2) states that counsel "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding papers], and complying with applicable laws and rules."

California Rule of Professional Conduct 3-700(C) permits an

4

attorney to request permission to withdraw if the client renders the representation unreasonably difficult, continued representation is likely to result in a violation of the rules, or the attorney believes that the court will find other good cause.

"Factors which courts consider in ruling on a motion to withdraw include: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Riese v. Cnty. of Del Norte, 12-CV-03723-WHO, 2013 WL 6056606 (N.D. Cal. Nov. 14, 2013) (citing Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141 (E.D. Cal. Jan. 14, 2009)). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." BSD, Inc. v. Equilon Enterprises, LLC, No. 10-5223 SBA, 2013 WL 942578 (N.D. Cal. Mar. 11, 2013) (citing United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009)).

**IV.   DISCUSSION**

Plaintiff's counsel states in his declaration that "[o]n May 13, 2015, [Plaintiff's counsel] advised Mr. Attebury that [Plaintiff's counsel] would be filing a motion to withdraw as counsel." ECF No. 34-2 ("Micklow Decl.") at 2. Plaintiff's counsel does not indicate, however, whether Mr. Attebury was notified in writing pursuant to Civil Local Rule 11-5(a). Further, Plaintiff's counsel does not provide any reasons why withdrawal is sought, other than a general statement that "[a] breakdown in the attorney client relationship . . . has occurred which makes it

impossible for Counsel to continue to fulfill the legal and ethical duties owed to the Plaintiff."  Micklow Decl. at 1.

### V. CONCLUSION

For the reasons described above, the Court finds that additional briefing and a hearing is necessary.  Accordingly, Plaintiff's counsel shall file a supplemental brief of no more than ten (10) pages on or before June 26, 2015.  That brief should provide additional information on the following items: (1) whether Mr. Attebury was notified in writing as to Plaintiff's counsel's motion to withdraw as counsel; (2) further details on the reasons withdrawal is being sought; (3) whether Mr. Attebury was fully informed regarding the parties' stipulated motion for a continuance (ECF No. 37); (4) whether Mr. Attebury fully consented to the stipulated motion for a continuance; and (5) the nature and form of Mr. Attebury's consent to the stipulated motion for a continuance.

A hearing on Plaintiff's counsel's motion will be held on July 10, 2015 at 10:00 AM in Courtroom 1, 17th Floor, San Francisco Courthouse.

IT IS SO ORDERED.

Dated: June 19, 2015

UNITED STATES DISTRICT JUDGE